UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARCUS MAYS, #218101,

        Plaintiff,                    Case No. 2:11-cv-222

v.                                     Honorable R. Allan Edgar

DOUG GILL, et al.,

        Defendants.

_____/

## MEMORANDUM AND ORDER

U.S. Magistrate Judge Timothy P. Greeley has entered a Report and Recommendation ("R&R") in this case, in which he recommended that Defendants Haataja, Wise, and Hill's motion to file an additional summary judgment motion be granted; that their proposed motion for summary judgment be granted; and they be dismissed from this case without prejudice. Doc. No. 169. Magistrate Judge Greeley recommended granting the motion based on Plaintiff's failure to exhaust his administrative remedies against those defendants.

Plaintiff has filed objections to the R&R. Doc. No. 181. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). In his objections, Plaintiff asserts that he filed a Step I grievance, AMF 08-12-05325-12E4. Plaintiff has not attached the grievance. Plaintiff asserts that, after he received a response denying his Step I grievance, he requested a Step II grievance form, but he was not provided with one. Plaintiff attaches a Step I grievance response, which indicates that the grievance concerned a female nurse, but does not specify

the identity of the nurse. The grievance was denied. Plaintiff also attaches copies of four kites that he allegedly submitted requesting a Step II response form for grievance AMF 08-12-05325-12E4. The kites indicate that the Step I grievance was written on Defendant Haataja.

MDOC policy provides that, if an inmate is dissatisfied with the Step I response, he may appeal to Step II by obtaining an appeal form within ten business days of the response. MDOC Policy 03.02.130, ¶¶ T, DD. The exhaustion requirement only mandates exhaustion of available administrative remedies; if Plaintiff was improperly denied access to the grievance process, the process would be rendered unavailable. *See* 42 U.S.C. § 1997e(a). Defendants have not responded to Plaintiff's objections. The burden of proof falls on Defendants to show that Plaintiff failed to exhaust. There appears to be a genuine issue of material fact as to whether the grievance process was available to Plaintiff and, thus, whether he exhausted his remedies regarding his claim against Defendant Haataja. *See Johns v. Lockhart*, No. 13-1720 (6th Cir. Feb. 18, 2014) (unpublished).

Plaintiff's objections [Doc. No. 181] are GRANTED IN PART AND DENIED IN PART. Magistrate Judge Greeley's R&R [Doc. No. 169], as amended by this Memorandum and Order, is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). Defendants Haataja, Wise, and Hill's motion for summary judgment [Doc. No. 161] is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims against Defendants Wise, and Hill are DISMISSED WITHOUT PREJUDICE. This case remains pending against Defendants Karpenen, Redlinger, Charles, Hoover, Gill, and Haataja.

SO ORDERED.

Dated: 3/27/2014  /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge